# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANKEMEYER, | Case No.  1:14-cv-01013-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | (ECF No. 3, 14) |
| COUNTY OF CALAVERAS, et al, | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

Currently before the Court are two motions to dismiss filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## I.

## PROCEDURAL HISTORY

Plaintiff Robert Dankemeyer, proceeding pro se, filed a complaint in the Superior Court of the State of California for the County of Calaveras on April 30, 2014.  Plaintiff brought suit against Defendants Calaveras County, Lucas Mack, Tom Oldham, Greg Stark, Eric Vaughn, Dwayne Phipps, Joy Lynch, and Paul Beckham alleging violations of his rights under the Eighth Amendment and state law claims arising out of an arrest that occurred on May 11, 2012.  On June 26, 2014, Defendants removed this action to the Eastern District of California pursuant to 28 U.S.C. § 1441.

On July 1, 2014, Defendants Calaveras County, Lucas Mack, Tom Oldham, Dwayne Phipps, Greg Stark, and Eric Vaughn ("County Defendants") filed a motion to dismiss.  On July 31, 2014, Defendant Paul Beckham filed a motion to dismiss.  Plaintiff did not file a timely

opposition to either motion to dismiss.

## II.

## COMPLAINT ALLEGATIONS

The incident alleged in the complaint occurred on May 11, 2012 at the Union 76 Mini Mart located at 33 Hwy. 26 in Valley Springs, California.  Plaintiff alleges that while he was being restrained by Calaveras County deputies Defendants Mack and Oldham, Defendant Beckham arrived on the scene.  Plaintiff states that he was physically restrained, handcuffed and face down on the ground in the control of Defendants Mack and Oldham when Defendant Beckham applied a control hold to his legs by crossing his legs behind his back with so much pressure that it caused a severe fracture to his left leg.

Defendants Mack and Oldham transported Plaintiff to the Calaveras County Jail.  Upon arriving at the jail, Plaintiff states that he told Defendants Mack, Oldham, Stark, Vaughn, Phipps, and Lynch that his leg was broken, he could not walk, and he needed immediate medical attention.  Plaintiff contends that the defendants caused more damage to his leg by requiring him to walk from the patrol car into the jail and did not provide immediate medical care.  Plaintiff brings his first cause of action against the County defendants for general negligence under state law; his second cause of action against Defendant Beckham and his third cause of action against the County defendants for violations of his civil rights.

## III.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-

1   79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2   conclusory statements, do not suffice."  Id. at 678.

3          In deciding whether a complaint states a claim, the Ninth Circuit has found that two

4   principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint

5   "may not simply recite the elements of a cause of action, but must contain sufficient allegations

6   of underlying facts to give fair notice and to enable the opposing party to defend itself

7   effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair

8   to require the defendant to be subjected to the expenses associated with discovery and continued

9   litigation, the factual allegations of the complaint, which are taken as true, must plausibly

10  suggest an entitlement to relief.  Starr, 652 F.3d at 1216.

11                                         **IV.**

12                                    **DISCUSSION**

13  **A.      County Defendants' Motion to Dismiss**

14         County Defendants move to dismiss the first and third cause of actions for failure to state

15  a claim on the grounds that 1) Plaintiff's cause of action for negligence fails to state a claim for

16  failure to allege compliance with the California State Tort Claim Act; 2) Plaintiff did not file

17  within six months of rejection of his claim by the County; 3) Plaintiff's third cause of action is

18  insufficient to allege a violation of the Eighth Amendment; 4) Plaintiff has failed to allege a

19  statutory right to seek damages; 5) California Government Code section 845.6 is an immunity

20  provision of the California Tort Claim Act and does not provide a right of action for a

21  constitutional violation; and 6) the complaint fails to allege a claim against the County

22  Defendants under any theory.

23         1.      Constitutional Claims

24         Defendants contend that Plaintiff has cited no authority to allow him to recover damages

25  for a violation of his civil rights.  However, under the case law of this Circuit, pro se litigants in

26  civil rights actions are entitled to have their pleadings liberally construed and to have any doubt

27  resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations

28  omitted).  In this instance, Plaintiff is alleging that law enforcement officers violated his rights

1  under the United States Constitution.  (Compl. ¶¶ 3, 4, ECF No. 1 at 12.[1])  It is clear from the

2  allegations in the complaint that 42 U.S.C. § 1983 provides the authority for Plaintiff to recover

3  damages for a violation of his civil rights under the United States Constitution.  Section 1983

4  provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by

5  persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir

6  2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams,

7  297 F.3d 930, 934 (9th Cir. 2002).

8  　　　To state a claim under section 1983, Plaintiff must demonstrate that each defendant

9  personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 677; Simmons v.

10  Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588

11  F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  In a section 1983 action, the complaint

12  must allege that every defendant acted with the requisite state of mind to violate the underlying

13  constitutional provision.  OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

14  Section 1983 does not contain a state of mind requirement and the requisite state of mind

15  depends upon the constitutional violation alleged.  OSU Student Alliance, 699 F.3d at 1071.

16  　　　Although Plaintiff's third cause of action is entitled general negligence, he claims that his

17  Eighth Amendment rights were violated by requiring him to walk on his broken leg and not

18  providing immediate medical attention.  Since Plaintiff was not a prisoner at the time of this

19  incident his claims do not arise under the Eighth Amendment's bar against cruel and unusual

20  punishment.  The Court will address the appropriate constitutional amendment for each violation

21  in the sections that follow.

22  　　　**a.**　　**Defendants Mack and Oldham**

23  　　　Plaintiff alleges that Defendants Mack and Oldham forced him to walk from the patrol

24  car to the jail and did not provide immediate medical attention.  Plaintiff's claims against the

25  arresting officers are properly brought under the Fourth Amendment's prohibition against

26  unreasonable search and seizures.  Tatum v. City and County of San Francisco, 441 F.3d 1090,

27

28  [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

4

1098 (9th Cir. 2006) (analyzing failure to perform cardiopulmonary resuscitation under Fourth Amendment reasonableness standard).   The reasonableness inquiry is whether the officer's actions were " 'objectively reasonable' in light of the facts and circumstances confronting" him. Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005).   An officer satisfies the Fourth Amendment reasonableness standard by summoning the necessary medical assistance for an injured arrestee.   Tatum, 441 F.3d at 1099.

Plaintiff contends that he told Defendants Mack and Oldham that his leg was broken and he needed medical care.   Although the complaint need only contain a short, plain statement of the claim, Fed. R. Civ. P. 8, it must contain sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Plaintiff's complaint does not include sufficient factual allegations for the Court to infer that the officers were reasonably aware of the seriousness of Plaintiff's injury and that their response was not objectively reasonable.   Plaintiff merely states that he told the officers his leg was broken and he could not walk.   The complaint does not allege when Plaintiff informed the officers that he was injured, how far he was required to walk, or if he received any assistance in walking into the jail.   Plaintiff's allegations are insufficient to state a plausible claim that his rights under the Fourth Amendment were violated by Defendants Mack and Oldham.   Iqbal, 556 U.S. at 678.   In order to state a claim in his amended complaint, Plaintiff should include sufficient factual detail for the Court to infer that Defendants Mack and Oldham's actions were not "objectively reasonable" in light of the facts and circumstances confronting them.

Defendants Mack and Oldham's motion to dismiss the complaint for failure to state a claim is granted.

**b.      Defendants Stark, Vaughn, Phipps, and Lynch**

Plaintiff states that Defendant Lynch was the jail charge nurse, but provides no

information regarding the involvement of Defendants Stark, Vaughn, and Phillips in the incident alleged.  Further, Plaintiff states that he told all the defendants that he was injured and they made him walk into the jail.  It does not seem reasonable that all six defendants were at the police car when it arrived at the jail.  Assuming that Defendants Stark, Vaughn, and Phillips are jail employees who came into contact during booking or after Plaintiff was booked in the jail, the allegations in the complaint would arise under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment.  Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002).

"Under the Due Process Clause, detainees have a right against jail conditions or restrictions that 'amount to punishment.'  This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment. "  Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) (internal citations omitted).  However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees.  Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

To state a claim the plaintiff must show that the defendants acted with deliberate indifference.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that the jail "officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, (1994)).

Plaintiff's bare allegations that he told Defendants that his leg was broken, he could not walk, and needed immediate medical care are insufficient to state a plausible claim that these individuals were aware that Plaintiff had a serious medical need and failed to adequately respond.  In filing his amended complaint, Plaintiff must allege how each of the defendants was involved.   Further, Plaintiff must include sufficient factual allegations to show that the individuals were aware of the seriousness of Plaintiff's injury, and failed to adequately respond.

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1060,

1057 (9th Cir. 2004).  An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057.  Plaintiff's complaint does not contain sufficient factual allegations to infer that Defendants Stark, Vaughn, Phillips, and Lynch were deliberately indifferent to his serious medical needs.

Defendants Stark, Vaughn, and Phillips' motion to dismiss the third cause of action is granted.  Further, the Court finds that the allegations in the complaint are insufficient to state a plausible claim against Defendant Lynch.

### c.    Defendant Calaveras County

Calaveras County is named as a defendant in Plaintiff's complaint.  A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom.  Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force behind the constitutional violation."  Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson, 290 F.3d at 1185-86.

A municipality can be held liable under section 1983 under three theories.  First, where the implementation of official policies or established customs cause the constitutional injury.  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010).  Second, where acts or omissions causing the constitutional injury amount to official policy of the municipality.  Clouthier, 591 F.3d at 1249.  Finally, where an official has ratified the unconstitutional decision or action of an employee of the municipality.  Id. at 1250.  "A custom can be shown or a policy can be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"  Pierce, 526 F.3d at

1    1211.

2            Plaintiff has not alleged that a policy existed that was the moving force behind his injury.

3    Plaintiff has failed to state a claim against Defendant Calaveras County.  Further, Plaintiff is

4    advised that in filing his amended complaint threadbare recitals of the elements of a cause of

5    action, supported by mere conclusory statements, will not suffice to state a cognizable claim.

6    Iqbal, 556 U.S. at 678.

7            To the extent that Plaintiff is attempting to state a cause of action based upon municipal

8    liability, he needs to identify the custom or policy that is alleged to have been the moving force

9    behind the constitutional violation.

10           2.    State Law Claim

11           Plaintiff's first cause of action alleges a state law claim of negligence against Defendants

12   Mack and Oldham.  Defendants move to dismiss the claim for failure to comply with the

13   California Tort Claims Act.

14           The California Tort Claims Act requires that a tort claim against a public entity or its

15   employees be presented to the California Victim Compensation and Government Claims Board,

16   formerly known as the State Board of Control, no more than six months after the cause of action

17   accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written

18   claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior

19   Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School

20   District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff

21   must allege compliance with the California Tort Claims Act.  Cal. Gov't Code § 950.6; Bodde,

22   90 P.3d at 123.  "[F]ailure to allege facts demonstrating or excusing compliance with the

23   requirement subjects a complaint to general demurrer for failure to state a cause of action."

24   Bodde, 90 P.3d at 120.  Plaintiff has not alleged compliance with the Tort Claims Act and for

25   that reason has failed to state a claim.

26           Defendants further contend that Plaintiff cannot bring a state law claim as he did not

27   comply with the requirements of the Tort Claims Act, because he did not bring this action within

28   six months of the issuance of the letter rejecting his claim.  Defendants request the Court take

1    judicial notice of the claim form submitted to the City of Elk Grove and the notice of rejection of

2    claim.  Plaintiff did not file an objection to the request.

3         As a general rule, the court may not consider any material outside the pleadings in ruling

4    on a Rule 12(b)(6) motion.  United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir.

5    2011).   There  are  two  exceptions  to  this  rule,  when  the  complaint  necessarily  relies  on  the

6    documents or where the court takes judicial notice of documents.  Lee v. City of Los Angeles,

7    250 F.3d 668, 689 (9th Cir. 2001).  Under the Federal Rules a court may take judicial notice of a

8    fact that is "not subject to reasonable dispute in that it is either (1) generally known within the

9    territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

10   resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

11   Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta

12   Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689.  In

13   this instance, the Court shall take judicial notice of the claim form as a public record.

14        Pursuant  to  California  Government  Code  Section  945.6(a)(2)  an  action  must  be

15   commenced within six months of the date the written notice is personally delivered or deposited

16   in the mail.  A suit is commenced by filing a complaint with the court.  Cal. Code Civ. Proc.§

17   411.10.  Pursuant to California Government Code, notice given by mail is deemed to have been

18   presented and received at the time that it was deposited in the mail and "[a]ny period of notice

19   and any duty to respond after receipt . . . is extended five days upon service by mail."  Cal. Gov.

20   Code § 915.2.

21        Plaintiff submitted a claim form to the County of Calaveras regarding the May 11, 2012

22   incident on November 7, 2012.  (County of Calaveras, Claim Form, attached as Exhibit A at 5-6,

23   [2] ECF No. 5.)  The notice of rejection of claim states that the claim was rejected by operation of

24   law on December 26, 2012, and includes a proof of service stating that it was placed in the mail

25   on December 26, 2012.  (Notice of Rejection, attached as Exhibit B at 7—8, ECF No. 5.)  The

26

27   _____
     [2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
28   CM/ECF electronic court docketing system.

1 notice of rejection informs Plaintiff that "[s]ubject to certain exceptions, you have only six (6)

2 months from the date that this notice was personally delivered or deposited in the mail to file a

3 court action on this claim." (Id. at 7.) Plaintiff did not file this action until April 30, 2014, well

4 beyond the six months required to comply with the Tort Claims Act. (Compl., attached as

5 Exhibit A at 6, ECF No. 1.) Failure to comply with the California Tort Claim Act is fatal to

6 Plaintiffs' cause of action. Hacienda La Puente Unified School Dist. of Los Angeles v. Honig,

7 976 F.2d 487, 495 (9th Cir. 1992).

8     For the reasons, discussed, Defendants Mack and Oldham's motion to dismiss the first

9 cause of action is dismissed. Further, since Plaintiff did not comply with the requirements of the

10 California Tort Claim Act amendment of the claim as it applies to Defendants Mack and

11 Oldham, amendment would be futile. Therefore, the first cause of action is dismissed without

12 leave to amend.

13          **B.     Defendant Beckham's Motion to Dismiss**

14     Defendant Beckham moves to dismiss the second cause of action on the grounds that

15 Plaintiff's allegations fail to state a cause of action under the Eighth Amendment as a matter of

16 law, and he cannot state a claim under state law for his failure to comply with the California

17 State Tort Claims Act. Initially, Defendant Beckham requests that the Court take judicial notice

18 of the claim form Plaintiff submitted to the City of Elk Grove and the date of rejection.

19 However, in this instance there are no allegations in the complaint for the Court to infer that

20 Defendant Beckham was acting under color of state law or was connected to the City of Elk

21 Grove to make the claim form relevant in this motion to dismiss. Defendant's request for

22 judicial notice is denied.

23     Further, as discussed above, Plaintiff's complaint is to be liberally construed and it is not

24 fatal to his claims that he referenced the Eighth Amendment in his complaint. However, to state

25 a claim under Section 1983 Plaintiff must allege sufficient facts for the Court to infer that

26 Defendant Beckham was acting under color of state law. Plaintiff's complaint states that while

27 he was being restrained by Defendants Mack and Oldham an "unknown male citizen arrived on

28 the scene." (ECF No. 1 at 10.) Defendants Mack and Oldham allowed this "unknown male

1  citizen" to apply a control hold to Plaintiff's legs.  (Id.)  In his second cause of action, Plaintiff

2  identifies this unknown male as Paul Beckham.  (Id. at 11.)

3        Plaintiff's complaint fails to include any factual allegations from which the Court can

4  infer that Defendant Beckham was acting under color of law.  Plaintiff has failed to state a claim

5  against Defendant Beckham under section 1983.  To the extent that Plaintiff was intending to

6  raise a state tort claim, the Court does not reach the viability of such a claim at this time because

7  the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able

8  to state a cognizable federal claim.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v.

9  Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

10        Based upon Plaintiff's failure to state a claim under section 1983, Defendant Beckham's

11  motion to dismiss is granted.

12        **C.    Leave to Amend**

13        Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely

14  given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted

15  if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d

16  1122, 1130 (9th Cir. 2000) (internal citations omitted) (reversing district court for failure to

17  provide pro se litigant leave to amend). Plaintiff is granted leave to file an amended complaint

18  within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

19  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George

20  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

21        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

22  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

23  rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and

24  focus on the duties and responsibilities of each individual defendant whose acts or omissions are

25  alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th

26  Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

27  right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

28        Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana,

Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendants Calaveras County, Mack, Oldham, Phipps, Stark, and Vaughn's motion to dismiss, filed July 1, 2014, is GRANTED;

2.  Defendant Beckham's motion to dismiss, filed July 31, 2014, is GRANTED;

3.  Within thirty days, Plaintiff shall file a first amended complaint to correct the deficiencies discussed in this order; and

4.  If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 28, 2014**

UNITED STATES MAGISTRATE JUDGE