# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANKEMEYER, | Case No. 1:14-cv-01013-SAB |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 25) |
| COUNTY OF CALAVERAS, et al, | |
| Defendants. | |

Plaintiff Robert Dankemeyer, proceeding pro se, filed a complaint in the Superior Court of the State of California for the County of Calaveras on April 30, 2014 alleging violations of his rights under the Eighth Amendment and state law claims. On June 26, 2014, Defendants removed this action to the Eastern District of California based on federal question jurisdiction pursuant to 28 U.S.C. § 1441. On July 1, 2014, Defendants Calaveras County, Lucas Mack, Tom Oldham, Dwayne Phipps, Greg Stark, and Eric Vaughn ("County Defendants") filed a motion to dismiss. On July 31, 2014, Defendant Paul Beckham filed a motion to dismiss.

On August 28, 2014, an order issued granting the defendants' motions to dismiss and requiring Plaintiff to file an amended complaint within thirty days.[1] More than thirty days has passed and Plaintiff has not filed an amended complaint in compliance with the August 28, 2014 order.

---

[1] The parties have consented to the jurisdiction of the magistrate judge for all purposes. (ECF Nos. 8, 11, 13, 17.)

1

1    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
2 Rules or with any order of the Court may be grounds for imposition by the Court of any and all
3 sanctions . . . within the inherent power of the Court."  The Court has the inherent power to
4 control its docket and may, in the exercise of that power, impose sanctions where appropriate,
5 including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.
6 2000).

7    A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
8 action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.
9 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik
10 v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
11 order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
12 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised
13 of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
14 for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
15 1986) (dismissal for lack of prosecution and failure to comply with local rules).

16    In determining whether to dismiss an action for failure to comply with a pretrial order,
17 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
18 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
19 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
20 sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226
21 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in
22 deciding what to do, and are not conditions that must be met in order for a court to take action.
23 Id. (citation omitted).

24    In this instance the public's interest in expeditious resolution of the litigation and the
25 Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file
26 an amended complaint in compliance with the Court's order within thirty days of August 28,
27 2014.  Plaintiff has been provided with the legal standards that would apply to his claims and the
28 opportunity to file an amended complaint.  Plaintiff has neither filed an amended complaint nor

1 otherwise responded to the Court's order.  Plaintiff's failure to comply with the orders of the
2 Court hinders the Court's ability to move this action towards disposition, and indicates that
3 Plaintiff does not intend to diligently litigate this action.

4      Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
5 rebuttable presumption of prejudice to the defendants in this action.  <u>In re Eisen</u>, 31 F.3d 1447,
6 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for
7 the delay.  <u>In re Eisen</u>, 31 F.3d at 1453.  The risk of prejudice to the defendants also weighs in
8 favor of dismissal.

9      The public policy in favor of deciding cases on their merits is greatly outweighed by the
10 factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This
11 action can proceed no further without Plaintiff's cooperation and compliance with the order at
12 issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this
13 instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

14      Finally, a court's warning to a party that their failure to obey the court's order will result
15 in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262;
16 <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's August 28, 2014, order
17 granted the defendants motion to dismiss for failure to state a claim and required Plaintiff to file
18 an amended complaint within thirty days.  The order expressly stated: "If Plaintiff fails to file a
19 first amended complaint in compliance with this order, this action will be dismissed for failure to
20 state a claim."  (ECF No. 25 at 12.)  Thus, Plaintiff had adequate warning that dismissal would
21 result from his noncompliance with the Court's order and his failure to state a claim.

22      Accordingly, it is HEREBY ORDERED that this action is DISMISSED, with prejudice,
23 for Plaintiff's failure to state a claim.

24
25 IT IS SO ORDERED.

26 Dated:   **October 6, 2014**

                                                     UNITED STATES MAGISTRATE JUDGE
27
28